



# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| JENNIFER TURNER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:15-CV-625 |
| | § | |
| CVS PHARMACY, INC., | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT CVS PHARMACY, INC.'S RESPONSE TO PLAINTIFF'S MOTION TO REMAND AND BRIEF IN SUPPORT THEREOF

Defendant CVS Pharmacy, Inc. ("CVS") files this Response to Plaintiff's Motion to Remand ("Motion") and Brief in Support thereof and would respectfully show the Court as follows:

Plaintiff Jennifer Turner ("Plaintiff") filed a civil action in state court alleging a federal question claim under the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.* ("FMLA"), and a worker's compensation retaliation claim under Texas Labor Code § 451. Plaintiff argued in her Motion that this Court must remand the entire civil action to state court because of the presence of the workers' compensation retaliation claim, a statutorily nonremovable claim. Plaintiff based her argument on the old version of 28 U.S.C. § 1441(c).[1] Although her arguments may have been colorable (but ineffective) under the previous version of the statute, they are specious under the statute as revised in 2011.

The revised § 1441(c) specifically permits removal of a civil action containing, as Plaintiff's civil action does, a federal question claim and a claim made nonremovable by statute.

---

[1] Although CVS's counsel advised Plaintiff's counsel that she had relied on a prior version of the statute and that the current version of the statute specifically permitted removal of the action and specifically permitted the Court to retain jurisdiction over her FMLA claim, Plaintiff's counsel did not withdraw her Motion to Remand.

The statute dictates that, on removal of such a civil action, the District Court sever from the action and remand to state court the claim that is nonremovable by statute and retain jurisdiction over the federal question claim. Accordingly, pursuant to 28 U.S.C. § 1441(c), this Court should sever and remand Plaintiff's claim under § 451 of the Texas Labor Code and retain jurisdiction over her FMLA claim.

## ARGUMENT AND AUTHORITIES

On July 13, 2015, Plaintiff filed an Original Petition in state court asserting claims against CVS for violating § 451 of the Texas Labor Code and for violating the FMLA. Plaintiff served the Original Petition on CVS on July 15, 2015. On August 14, 2015, CVS timely removed the case to federal court pursuant to, *inter alia*, 28 U.S.C. §§ 1331, 1441. On August 31, 2015, Plaintiff filed a motion to remand the entire civil action – the § 451 claim and the federal question FMLA claim – to state court. Pursuant to § 1441(c), the Court should retain jurisdiction over Plaintiff's federal question FMLA claim and should sever and remand her § 451 claim.

The current version of Section 1441(c) states:

Joinder of Federal Law Claims and State Law Claims –

(1) ***If a civil action includes*** –

    (A) a claim arising under the Constitution, laws or treaties of the United States (within the meaning of section 1331 of this title), and

    (B) a claim not within the original or supplemental jurisdiction of the district court or ***a claim that has been made nonremovable by statute***,

    ***the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).***

(2) ***Upon removal of an action described in paragraph (1), the district court shall sever from the action all claims described in paragraph (1)(B) and shall remand the severed claims to the State court from which the action was removed.*** Only defendants against

whom a claim described in paragraph (1)(A) has been asserted are required to join in or consent to the removal under paragraph (1).

28 U.S.C. § 1441(c) (emphasis added).

As contemplated by § 1441(c), Plaintiff's civil action contains both an FMLA claim arising under the laws of the United States and a worker's compensation retaliation claim under § 451 of the Texas Labor Code that has been made nonremovable by statute. Pursuant to §1441(c), "the entire action may be removed if the action would be removable without the inclusion of the [nonremovable] claim." There is no doubt that the action could be removed if it contained only the federal question FMLA claim. *See* 28 U.S.C. §§ 1331, 1441(a). Section 1441(c), then, authorized CVS's removal of Plaintiff's civil action to federal court.

Section 1441(c) spells out the actions the Court must take when – as here – an action containing a federal question claim and a nonremovable claim has been removed to federal court. *See* 28 U.S.C. § 1441(c). Pursuant to § 1441(c), the Court must sever the nonremovable claim and remand it to state court and must retain jurisdiction over the removable federal question claim. This Court, therefore, should remand Plaintiff's nonremovable § 451 claim to state court (which, as indicated in the certificate of conference in Plaintiff's Motion, CVS expressly agreed to) and retain jurisdiction over Plaintiff's federal question FMLA claim.

In her Motion to Remand, Plaintiff cited to and relied on an outdated version of 28 U.S.C. § 1441(c). Her argument focused on the "separate and independent claim" language in that previous version, which is not present in the current version and, therefore, not applicable. In any case, as Plaintiff acknowledged in her Motion, even under the previous version of the statute, both Fifth Circuit case law and case law from the Texas district courts supported remanding the § 451 claim and retaining jurisdiction over the federal question FMLA claim. *See* Motion, pp. 6-8.

## CONCLUSION

For the reasons set forth above, CVS respectfully requests that the Court sever Plaintiff's Texas Labor Code § 451 claim and remand it to state court and retain jurisdiction over Plaintiff's federal question FMLA claim.

Dated: September 21, 2015                      Respectfully submitted,


                                               **Robin G. Shaughnessy**
                                               State Bar No. 24012713
                                               rshaughnessy@lockelord.com

                                               **LOCKE LORD LLP**
                                               2200 Ross Avenue, Suite 2200
                                               Dallas, Texas 75201-6776
                                               (214) 740-8000
                                               (214) 740-8800 (Facsimile)

                                               **ATTORNEY FOR DEFENDANT**


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served upon all counsel of record via *Certified Mail, Return Receipt Requested,* and the Court's *CM/ECF* system pursuant to the Federal Rules of Civil Procedure on this 21st day of September, 2015:

N. Sue Allen
Allen Law Firm
4701 Altamesa Blvd, Suite 2R
Fort Worth, Texas 76133

*Attorney for Plaintiff*


                                               Robin G. Shaughnessy